# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAUREN E. CANTU,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 5:19-cv-1067 |
| | § | |
| WAYNE WILKENS TRUCKING, LLC,<br>AND TED A. WILLIAMS,<br>    Defendants. | §<br>§<br>§<br>§ | JURY REQUESTED |

## DEFENDANT WAYNE WILKENS TRUCKING, LLC'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Wayne Wilkens Trucking, LLC (Wilkens Trucking), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

## INTRODUCTION

1. This is a personal injury case regarding a motor vehicle accident that occurred in San Antonio, Bexar County, Texas on or about January 29, 2019.  On or about July 30, 2019, Plaintiff Lauren E. Cantu filed Plaintiff's Original Petition in Cause No. 2019CI15151 in the 408th Judicial District Court of Bexar County, Texas, initiating a civil cause of action against Wilkens Trucking and Ted E. Williams (Williams) (collectively Defendants).

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants Wilkens Trucking and Williams.

3. Plaintiff alleges negligence and negligence per se causes of action against Defendants as well as the doctrines of agency and respondeat superior as to Wilkens Trucking for the actions of Williams.

4. Wilkens Trucking was served with Plaintiff's Original Petition and Citation on August 6, 2019.[1] Williams has not yet been served at the time of this removal.

5. Wilkens Trucking now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

**GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.    Complete Diversity Exists Between the Parties.**

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was and still is, domiciled in Texas and is a citizen of the State of Texas.[2] In determining diversity jurisdiction, the state where someone establishes her domicile serves a dual function as her state of citizenship.[3] A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change.[4] "Evidence of a person's place of residence . . . is prima facie proof of [her] domicile."[5] Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[6] Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8. At the time of filing of the lawsuit in state court and at the time of filing of this

---

[1] See Affidavit of Service filed in State Court included with the Index of State Court Papers attached as Exhibit 1.
[2] *See Plaintiffs' Original Petition,* "Parties", included with the Index of State Court Papers attached as Exhibit 1.
[3] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011).
[4] *Id.*
[5] *Id.* (citations omitted).
[6] *Id.*

Notice of Removal, Wilkens Trucking was and is an Indiana limited liability company whose primary place of business is the State of Indiana as acknowledged by Plaintiff in her Original Petition.[7] Accordingly, Wilkens Trucking is not a citizen of the State of Texas for purposes of federal diversity jurisdiction.

9. Likewise, Ted A. Williams is a resident and citizen of the State of Indiana as acknowledged by Plaintiff in her Original Petition.[8]

**B.    The Amount in Controversy Exceeds $75,000**

10. Additionally, the claims asserted by Plaintiff exceed $75,000.00. Plaintiff's Original Petition specifically states that she seeks "monetary relief over $1,000,000.00."[9] In addition, Plaintiff requested that the case be governed by a state court level 3 discovery control plan rather than a level 1 discovery control plan for expedited actions with amounts in controversy under $100,000.00 pursuant to Rules 169 and 190.2 of the Texas Rules of Civil Procedure.[10]

**VENUE**

11. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 408th Judicial District Court of Bexar County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

**PROCEDURAL REQUIREMENTS**

12. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit 1 hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders on file in the state court lawsuit and the

---

[7] *See Plaintiff's Original Petition,* "Parties", included with the Index of State Court Papers attached as Exhibit 1.
[8] *See* id.
[9] *See* Exhibit 1, *Plaintiff's Original Petition,* "Claim for Relief."
[10] *See* Exhibit 1; TEX. R. CIV. PROC. 169; 190.2.

docket sheet from the Bexar County District Clerk's website. Additionally, attached as Exhibit 2 is a *List of Parties and Counsel* relating to this action, and attached as Exhibit 3 hereto is an *Index of Matters Being Filed* in this action. Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

13. Pursuant to 28 U.S.C. §1446(b)(2), Defendant Ted E. Williams consents to the removal of this action.[11]

14. Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff's counsel.

15. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant Wayne Wilkens Trucking, LLC's Notice of Removal will be filed with the Clerk of the 408th Judicial District Court of Bexar County, Texas, promptly after Defendant files this Notice.

16. This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiff's Original Petition upon the earliest served Defendant, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant Wayne Wilkens Trucking, LLC with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

Defendant Wayne Wilkens Trucking, LLC respectfully requests that the above-captioned action now pending in the 408th Judicial District Court of Bexar County, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division.

---

[11] At the time of removal Defendant Ted A. Williams had not been served. Nevertheless, the undersigned, who will also represent Mr. Williams if and when he is properly served, contacted Mr. Williams who consented to the removal of this action. See Exhibit 4. The Notice of Consent to Removal is to ensure that the rule unanimity is complied with and not inadvertently forgotten in the event Mr. Williams is served at a later date.

Respectfully submitted,

LAW OFFICE OF R.E. (FELIX) COX
1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX 78213-2200
(210) 949-0166 MAIN
(210) 390-3557 DIRECT
(855) 949-1338 FACSIMILE

_____
JONATHAN W. LAW
State Bar No. 24048656
Lawj22@nationwide.com

ATTORNEY FOR DEFENDANT
**WAYNE WILKENS TRUCKING, LLC**

## CERTIFICATE OF SERVICE

On September 4, 2019, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Langdon "Trey" Smith
Michael Gomer
JIM S. ADLER & ASSOCIATES
3D/International Tower
1900 West Loop South, 20th Floor
Houston, TX 77027
713.735.2114
713.781.2514 Facsimile
lsmith@jimadler.com
mgomez@jimadler.com
*Attorney for Plaintiff, Lauren E. Cantu*

_____
JONATHAN LAW