UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LAUREN E. CANTU, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No.  SA-19-CV-1067-XR |
| | ) |
| WAYNE WILKENS TRUCKING, LLC | ) |
| and TED A. WILLIAMS | ) |
| | ) |
| *Defendants*. | ) |

## ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

On this date, the Court considered Plaintiff's motion for leave to file amended complaint (docket no. 23), Defendants' response (docket no. 24), and Plaintiff's reply (docket no. 25). After careful consideration, Plaintiff's motion is **GRANTED**. Further, the joint motion to extend the discovery and pretrial order deadlines (docket no. 26) is **GRANTED**.

## BACKGROUND

Plaintiff Lauren Cantu ("Plaintiff") filed suit in the 408th Judicial District Court of Bexar County, Texas on July 30, 2019, alleging negligence and negligence per se against Defendant Ted Williams ("Defendant Williams") and Defendant Wayne Wilkens Trucking, LLC. ("Defendant Wayne Wilkens"). Pet. ¶¶ 3.1–3.3, 7.1–8.2. Plaintiff's original petition further alleges that Defendant Wayne Wilkens is vicariously liable for Defendant's Williams' conduct under *respondeat superior*. *Id.* ¶ 9.1. Plaintiff's allegations stem from an automobile accident between Plaintiff and Defendant Williams, which allegedly took place on or about January 29, 2019. *Id.* ¶ 6.1, 10.1–10.4.

On September 9, 2019, Defendant Wayne Wilkens timely removed the case to this Court on the grounds of diversity jurisdiction. Docket no. 5. On October 30, 2019, the Court entered a Scheduling Order controlling the disposition of the case. Docket no. 11. In relevant part, that Scheduling Order sets the deadline for Plaintiff to file a motion seeking leave to amend at December 16, 2019. *Id.* at 1.

On May 18, 2020, Plaintiff filed the present motion for leave to file an amended complaint. Docket no. 23. Plaintiff alleges that she "has good cause for seeking leave" to file an amended complaint under Rule 15(a). *Id.* at 1–2 (citing FED. R. CIV. P. 15(a)(2)). Specifically, Plaintiff contends that Defendant Williams "first produced his phone number and carrier to Plaintiff in response to interrogatories on January 14, 2020," and that on April 15 of this year, Plaintiff obtained evidence revealing that Defendant Williams engaged in a "28-minute conversation on [his] cell phone leading up to and including the time of [the automobile accident]." *Id*. at 1–2. Plaintiff argues that she thus "acted with diligence and without delay" in submitting the present motion, which demonstrates "no bad faith or undue delay" and seeks leave to file an amended complaint to refine her negligence allegations in light of the ongoing discovery of new information,[1] and  to add a claim for gross negligence. *Id.* at 2–3. Plaintiff posits that Defendants "face no prejudice from this amendment having known Defendant Williams' own actions causing the wreck." *Id.* at 2.

In response, Defendants claim that Plaintiff mistakenly argues that the standard for her motion is governed by Rule 15(a)(2), whereas "the good cause standard under Rule 16(b)(4) first

---

[1] Plaintiff contends that "[d]iscovery is still ongoing, although the bulk of the exchange of discovery responses between the parties occurred in January 2020," when Plaintiff claims that she first became aware of Defendant Williams' phone call. Docket no. 23 at 1–2.

2

applies before an assessment under the more lenient standards of Rule 15(a)" when "the deadline for seeking leave to amend pleadings has expired." Docket no. 24 at 5. Defendants assert that Plaintiff "does not set forth any facts, law or evidence to address the applicability of Rule 16(b)" and has "failed to show any cause for granting the Motion for Leave." *Id.* at 5–6. Defendants further allege that Plaintiff "waited for 5 months" to file the present motion and fails to offer "a valid explanation for her failure to timely request leave to amend her complaint after she learned of [Defendant Williams'] cell phone usage." *Id.* at 6. In addition, Defendants argue that Plaintiff's motion should be denied "[e]ven under the more lenient standard of Rule 15(a) . . . because the amendment is futile in that it fails to state a claim upon which relief can be granted." *Id.* at 6. Defendants specifically posit that Plaintiff's proposed gross negligence claim is unsupported by Texas law and unsubstantiated by factual allegations. *Id.* at 6–9.

Plaintiff acknowledges that her motion "erroneously" cited to Rule 15(a) rather than Rule 16(b) but nonetheless claims that "the facts alleged in Plaintiff's Motion, her First Amended Complaint, and the record before this Court can satisfy the Rule 16(b) standard too." Docket no. 25 at 1. Plaintiff claims that she "could not have possibly complied with [the Scheduling Order's] deadline" to move for leave to amend, given that the deadline was December 16, 2019 and Defendant Williams "only served his responses to discovery after that date." *Id.* at 2. Plaintiff further rebuts Defendants' allegation that she waited five months to file the present motion, arguing that Plaintiff "promptly requested the underlying records to verify the length and nature of [Defendant] Williams' call" and "only obtained those records from [Defendant] Williams' carrier on April 15, 2020, just a few weeks before seeking leave to amend." *Id.* Plaintiff further contends that Defendants "take much too strict a view of gross negligence claims under Texas law," which

3

allows for gross negligence claims even absent criminal conduct, and that multiple federal district courts in Texas have found gross negligence where drivers have used cell phones while driving tractor-trailers. *Id.* at 3 (citing, *e.g.*, *Alpizar v. John Christner Trucking, LLC*, No. SA-17-CV-00712, 2019 WL 1643743 at *4–5 (W.D. Tex. Apr. 16, 2019)). In addition, Plaintiff claims that it is "facially" apparent that the proposed amendment is important to her claims. *Id.* at 4. Finally, Plaintiff alleges that Defendants would not face prejudice if the proposed amendment were to be approved given that the new facts alleged "were either learned by Defendants simultaneously, or known to Defendants before Plaintiff obtained them in discovery" and that discovery is at a "relatively early stage, such that Defendants will not suffer any undue delay or increased litigation costs from these amendments." *Id.* at 4–5.[2]

## ANALYSIS

### I. Applicable Law

Once the deadline for amending as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave," but the court "should freely grant leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although the rule "evidences a bias in favor of granting leave to amend," *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004), "leave to amend is in no way automatic." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 268, 378 (5th Cir. 2014).

Defendants are correct that "[w]here a scheduling order has been issued, Federal Rule of

---

[2] On June 9, 2020 the parties filed a joint motion for extension of time to complete discovery from June 1 to July 31 and to extend the pretrial motion deadline to June 29. Docket no. 26. The deadline to complete discovery has already been extended to July 31, *see* May 12 Text Order. Nonetheless, that motion (Docket no. 26) is GRANTED to the extent that the pretrial motion deadline is now extended to August 30, 2020.

4

Civil Procedure 16(b) governs the amendment of pleadings after the scheduling order deadline has passed." *Plains Cotton Coop. Ass'n v. Gray*, 672 F. App'x 372, 376 (5th Cir. 2016) (citing *S&W Enters., LLC v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). "While Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be 'freely' given, Rule 16(b)(4) limits modifications to a scheduling order to situations where good cause is shown." *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Plains Cotton Coop. Ass'n*, 672 F. App'x at 377 (quoting *S&W Enters.*, 315 F.3d at 535). A court should consider four factors when determining if good cause has been shown: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *Bias*, 816 F.3d at 328 (alterations in original)).

"Only upon the movant's demonstration of good cause [under Rule 16(b)(4)] to modify the scheduling order will the more liberal standard of Rule 15(a) apply." *S&W Enters.*, 315 F.3d at 536. Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir.2010)). A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

**II.     Application**

Because the Scheduling Order's deadline for Plaintiff to file a motion seeking leave to amend pleadings has passed, Rule 16(b) governs the Court's analysis of Plaintiff's motion. *See Plains Cotton Coop. Ass'n*, 672 F. App'x at 376 (citing S*&W Enters*, 315 F.3d at 535–36).[3]

The first factor to consider under Rule 16(b) is Plaintiff's explanation for her failure to timely move for leave to amend. *Id.* at 377 (citing *Bias*, 816 F.3d at 328). Plaintiff explained her failure by "detailing the new evidence supporting [her] additional claim[], when [she] obtained it, and how that evidence was unavailable before the scheduling order's deadline to amend pleadings." *Strong v. Marathon Res. Mgmt. Grp., LLC,* No. 1:18-CV-634-RP, 2019 WL 4696418, at *2 (W.D. Tex. Sept. 25, 2019). Plaintiff specifically highlights three alleged facts: (1) Plaintiff only received Defendant Williams' responses to discovery requests (which first alerted Plaintiff to Defendant Williams' cell phone usage) after the Scheduling Order deadline; (2) Plaintiff "promptly requested the underlying records to verify the length and nature of Williams' call"; and (3) Plaintiff only received said records, which clarified the length of Defendant Williams' call, in April 2020. *See* docket no. 25 at 2–3; docket no. 23 at 1–2.[4] Plaintiff's explanation stands in contrast to movants

---

[3] While Defendants assert that Plaintiff's failure to cite to Rule 16(b) as the governing standard should weigh against granting Plaintiff's motion, the Court notes that other courts within the Fifth Circuit have considered parties' motions for leave to file amended complaints even where the movant did not cite to Rule 16(b). *See*, *e.g.*, *Hollenshead v. Bank of Am., N.A.*, No. 418CV00724ALMCAN, 2019 WL 5959599, at *2–3 (E.D. Tex. June 7, 2019) (applying Rule 16(b) standard even where plaintiff "ma[de] no argument, in any of his briefing, that he . . . satisfied or otherwise met Rule 16(b), arguing instead that the Court [was] obligated under Rule 15 to freely grant leave."), *reconsideration denied*, No. 418CV00724ALMCAN, 2019 WL 5901076 (E.D. Tex. July 25, 2019). Moreover, the Court notes that Plaintiff acknowledges the Rule 16(b) standard in her reply and credibly posits that her motion for leave contains allegations that are applicable to the Rule 16(b) standard. *See* docket no. 25 at 1.

[4] While Defendants correctly observe that Plaintiff was aware in January 2020 of Defendant Williams' "talking on his cell phone using a Bluetooth headset at the time of the subject incident," docket no. 24 at 6, Plaintiff's explanation serves as an effective rebuttal, inasmuch as it highlights a plausible reason for Plaintiff's need to obtain additional records of Defendant Williams' cell phone usage before seeking leave

6

in other cases who "offered no explanation for [their] failure[s] to timely move for leave." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *see*, *e.g.*, S&W Enters, 315 F.3d at 536 (holding that the first factor "weigh[s] against S&W . . . because S&W offers effectively no explanation"). The Court thus finds that the first factor weighs in favor of granting Plaintiff's motion.

The second factor to consider is the importance of the proposed amendment. *Plains Cotton Coop. Ass'n*, 672 F. App'x at 377 (citing *Bias*, 816 F.3d at 328). While it is "clearly important" to Plaintiff that her pleading is amended, *Fahim*, 551 F.3d at 348, this is not a situation in which Plaintiff "would be left with 'no remaining theory of recovery' if [her] claim[] were not added," which weighs against finding that the proposed amendment is sufficiently important. *Strong*, WL 4696418, at *2 (citing *Ward v. CNH Am., L.L.C., Ind.*, 534 F. App'x 240, 242 (5th Cir. 2013), *as revised* (July 23, 2013)).

In assessing importance, courts often consider whether a party's proposed claim is "'futile'—that is, if the evidence does not support [it] such that [it] could not survive a motion to dismiss." *Id.* (citing *Bias*, 816 F.3d at 328); *see*, *e.g.*, *Ward*, 534 F. App'x at 242 n.1 (noting, in a review of a district court's analysis of the importance factor, the likelihood that the moving party's proposed claim would succeed). Here, the proposed additional claim is one of gross negligence, which is governed in this diversity case by Texas Civil Practice and Remedies Code § 41.001(11).[5]

---

to amend her pleading: that is, that Plaintiff needed said records to substantiate the allegation that "Williams was not merely giving his employer a quick status update on his progress, but engaged in a 28-minute personal conversation at the very time of the wreck." Docket no. 25 at 2.

[5] "Gross negligence means an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of

7

*See Alpizar,* 2019 WL 1643743 at *3 ("Texas law governs this diversity action."). Several courts have found that "evidence of cell phone use while driving a tractor-trailer is sufficient to survive summary judgment on a claim of Texas gross negligence." *Denham v. Bark River Transit, Inc.*, No. 2:18-CV-00246, 2019 WL 4887256, at *3 (S.D. Tex. Oct. 3, 2019) (citing, *e.g.*, *Alpizar*, 2019 WL 1643743 at *4-5). "Here, Plaintiff[] briefly summarize[s] the new evidence . . . and include[s] the new claims[] [of gross negligence] that evidence ostensibly supports in [her] attached proposed amended complaint . . . but d[oes] not attach the new evidence itself or representative excerpts to [her] motion." *Strong*, WL 4696418, at *2. Given that "[t]here are surprisingly few cases addressing whether the use of a cell phone at the time of a motor-vehicle accident creates an extreme degree of risk that could support a claim of gross negligence,"[6] *Alpizar*, 2019 WL 1643743, at *4, the Court "cannot determine conclusively whether or not the new evidence supports the additional claim[], and thus whether or not the amendment[] would be futile." *Strong*, WL 4696418, at *2. As such, the Court finds that the second factor, including both the importance of the proposed amendment and futility, is neutral.

The third factor to consider is any potential prejudice in allowing the amendment. *Plains Cotton Coop. Ass'n*, 672 F. App'x at 377 (citing *Bias*, 816 F.3d at 328). In assessing this factor, courts "consider the timing of the request vis-à-vis the case's procedural posture; if the discovery period has expired or the case is essentially too far along, courts generally find prejudice to the defendant." *Strong*, WL 4696418, at *2 (internal citations omitted). Plaintiff notes that, while "the

---

others." Tex. Civ. Prac. & Rem. Code § 41.001(11) (internal quotation marks omitted).

[6] *See*, *e.g.*, *Alpizar*, 2019 WL 1643743, at *4–5 (holding that "the evidence," including records of defendant's alleged cell phone use at the time of an accident, "raises a genuine dispute as to . . . whether his excessive cell-phone usage created an extreme degree of risk of which he was subjectively aware.").

bulk of the exchange of discovery responses between the parties occurred in January 2020," "[d]iscovery is still ongoing[,]" and "[t]he deadline for the completion of all discovery has been extended from June 1, 2020 to now July 31, 2020." Docket no. 23 at 1; *see* docket no. 25 at 5 ("[Defendant] Williams will not have to be re-deposed about these new allegations because his original deposition has not even occurred (it is currently scheduled for June 22, 2020)."). As Defendants offer no rebuttal to these contentions, the Court finds that the instant case is not "essentially too far along" so as to weigh against granting Plaintiff's motion. *Strong*, WL 4696418, at *2. Moreover, Plaintiff's proposed, additional claim of gross negligence would not "significantly alter the nature of the suit," given the similarities between such a claim and Plaintiff's original claims of negligence and negligence per se, which further cuts against finding prejudice to Defendants. *Advanced EDR Sys., LLC v. Design Sols., Inc.*, No. A-07-CA-698-LY, 2008 WL 11415901, at *3 (W.D. Tex. Nov. 12, 2008). Therefore, the Court finds that the third factor weighs in favor of granting Plaintiff's motion for leave to file an amended complaint.

The fourth and final factor is "the availability of a continuance to cure [potential] prejudice." *Plains Cotton Coop. Ass'n*, 672 F. App'x at 377 (citing *Bias*, 816 F.3d at 328). Neither Plaintiff nor Defendants devote a significant portion of their briefings to this factor. *See* docket no. 25 ("No continuance will be necessary."); docket no. 24 ("Plaintiff's Motion for Leave . . . fails to address the availability of a continuance to cure . . . prejudice"). Nonetheless, because the Court below resets the trial deadline from September 28, 2020 to November 30, 2020, the trial date is not "imminent." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 168 (5th Cir. 2010). As such, the Court finds that the fourth factor weighs in favor of granting Plaintiff's motion for leave to file an amended complaint.

As there is no indication that Plaintiff seeks leave to amend out of "bad faith or dilatory motive," the Court finds that Plaintiff has carried her burden to show good cause to allow leave to amend, and that justice so requires the granting of Plaintiff's motion. *Steury*, 625 F.3d at 270.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file amended complaint (docket no. 23) is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiff's proposed first amended complaint (docket no. 23-1).

Further, the joint motion to extend the pretrial deadline to August 30, 2020 (docket no. 26) is **GRANTED**. Given that extension, the following deadlines are **RESET**: the pretrial motion deadline is reset from June 29 to **August 30, 2020**. The deadline to file a Final Joint Pretrial Order and motion in limine is reset from September 4 to **Friday, November 6, 2020**. The Final Pretrial Conference is reset from September 17 to **Thursday, November 19, 2020** at **10:30 A.M**. Finally, the Jury Trial Date is reset from September 28 to **Monday, November 30, 2020** at **10:30 A.M**. All other deadlines as set forth in the Scheduling Order (docket no. 11) remain the same.

It is so ORDERED.

SIGNED this 11th day of June, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE