**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LAUREN E. CANTU, *Plaintiff* | § § § | |
| v. | § § | 5:19-CV-1067-XR |
| WAYNE WILKENS TRUCKING, LLC, AND TED A. WILLIAMS, *Defendants* | § § § § | |

## **ORDER**

On this date, the Court considered Defendants' Motion to Exclude the Testimony and Opinions, In Part of Plaintiff's Expert Witness Sanjay Misra, M.D. (ECF No. 35) and Plaintiff's Response (ECF No. 36). After careful consideration, the Court issues the following order.

## **BACKGROUND**

This case is brought by Plaintiff Lauren E. Cantu ("Plaintiff") for damages arising from a motor vehicle collision. Plaintiff alleges that on January 29, 2019, while driving northbound on Interstate Highway 37, she was struck by a commercial motor vehicle driven by Defendant, Ted A. Williams ("Williams"). ECF No. 28 ¶ 8. Plaintiff alleges that Williams was distracted and made an unsafe lane change into her lane and collided with her vehicle. *Id*. As a result of the crash, Plaintiff sustained injuries to her lower back and neck. *Id*. Plaintiff asserts that Williams was operating the commercial vehicle within the course and scope of his employment with Defendant Wayne Wilkens Trucking, LLC ("Wilkens"). *Id*. ¶ 3.

After the collision, Plaintiff visited Dr. Sanjay Misra M.D. (Dr. Misra), an orthopedic surgeon, for her neck and back pain. *Id*. Dr. Misra performed multiple procedures on Plaintiff, including two lumbar spine epidural steroid injections and a spinal surgery. *Id*.

1

Plaintiff named Dr. Misra as a "non-retained expert" and a "treating medical provider" in her First Supplemental Responses to Disclosures to All Named Defendants' and Designation of Expert Witnesses on March 2, 2020, purportedly in compliance with Rule 26(a)(2)(C), and thus did not provide the expert witness report required under Rule 26(a)(2)(B). ECF No. 20, at 4–7. After Dr. Misra gave a deposition, Defendants moved to exclude Dr. Misra's testimony regarding causation and medical costs, claiming that his testimony "extend[ed] beyond that of a treating physician" and was unreliable. ECF No. 35 ¶ 7. Thus, the issues in dispute are whether Dr. Misra's testimony regarding causation and medical costs "exten[d] beyond that of a treating physician," requiring an expert disclosure report under Federal Rule of Civil Procedure 26(a)(2)(C), and whether Dr. Misa's testimony regarding causation and medical costs are reliable under Federal Rule of Evidence 702.

## DISCUSSION

### I. Legal Standards

Rule 702 of the Federal Rules of Evidence allows a witness "who is qualified as an expert" to testify if:

> a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> b) the testimony is based on sufficient facts or data;
> c) the testimony is the product of reliable principles and methods; and
> d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. The Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) provides the analytical framework for determining the admissibility of expert testimony. *Daubert* requires the district courts to act as "gatekeepers" to ensure expert testimony meets Rule 702's standards. *Id.* at 589. As a preliminary matter, a district court "must

be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting FED. R. EVID. 702). If the expert is qualified, a court must follow *Daubert*'s analytical framework to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

The reliability inquiry entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and can be properly applied to the facts in issue. *Id*. at 592–93. In *Daubert*, the Supreme Court enumerated five nonexclusive factors to consider when assessing reliability: (1) whether the expert's theory can be or has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Id*. at 593–94; *see also Burleson v. Tex. Dep't of Criminal Justice*, 393 F. 3d 577, 584 (5th Cir. 2004). The test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). The point of this inquiry "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*.

The relevance inquiry requires the Court to determine if expert testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401.

In determining the admissibility of expert testimony, the district court should approach its task "with proper deference to the jury's role as the arbiter of disputes between conflicting opinions." *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *see also* FED. R. EVID. 104.

I. **Analysis**

   A. Dr. Misra's opinions and testimony as a treating physician were adequately disclosed under Rule 26(a)(2)(C).

The required disclosure of expert witnesses under Rule 26 differs depending on the characterization of the witness: if the expert is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," then Rule 26(a)(2)(B) requires the disclosure to include a written report containing:

  (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
  (ii) the facts or data considered by the witness in forming them;
  (iii) any exhibits that will be used to summarize or support them;
  (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
  (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
  (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* If the witness is not retained as an expert, the disclosure of the witness must state: (i) the subject matter on which the witness is expected to present evidence, and (ii) a summary of the facts and opinions to which the witness is expected to testify. FED. R. CIV. P. 26(a)(2)(C). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed

to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). The witness classification of treating physicians blurs this distinction. "The biggest concern with permitting treating physicians to testify in all circumstances without providing expert reports is that this would permit circumvention of the policies underlying the expert report requirement. A party might attempt to avoid Rule 26(a)(2)(B)'s requirement by having a treating physician testify on an issue instead of having an expert do so." *Shelton v. Wise*, No. A-07-CA-063 RP, 2009 WL 10699993, at *3 (W.D. Tex. Sep. 1, 2009) (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007)). As this Court recently held, "[a]lthough a treating physician typically need not provide a written report, where an expert's opinion extends beyond that of a treating physician an expert report may be required." *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020, WL 3074420 at *4 (W.D. Tex. June 10, 2020).

Plaintiff named witness Sanjay Misra, M.D., as a "non-retained expert" and a "treating medical provider" in her First Supplemental Responses to Disclosures to All Named Defendants and Designation of Expert Witnesses on March 2, 2020, purportedly in compliance with Rule 26(a)(2)(C), and thus did not provide the report required under Rule 26(a)(2)(B). ECF No. 20, at 4-7. Defendants argue that the opinions elicited at Dr. Misra's deposition "extend beyond that of a treating physician—such as to offer opinions on causation or future medical care, or relying on information from outside sources—[and] an expert report is necessary." ECF No. 35 at 4. Specifically, Defendants claim that Dr. Misra's opinions regarding causation and medical costs should be excluded because they fall outside of the scope of his observations as a physician and constitute expert opinions. *Id.* at 7.

In *Fielden v. CSX Transp, Inc.*, the Sixth Circuit Court of Appeals held that a treating physician who relied only on his ordinary medical training to opine on the causation of an injury was not an expert who needed to be disclosed under Rule 26(a)(2)(B)). 482 F.3d 866, 872 (6th Cir. 2007). The court held that the doctor did not provide expert testimony "because there is evidence that Dr. Fischer formed his opinions as to causation at the time that he treated Fielden and there is no evidence that Dr. Fischer formed his opinion at the request of Fielden's counsel." *Id.* at 869.

Courts in this circuit have followed the same reasoning. In *Kim v. Time Ins. Co.*, for example, the court held that physicians' opinions need not be disclosed under 26(a)(2)(B) when "[s]uch opinions are derived from the doctors' treatment and care of [the patient], and are therefore within the scope of the doctors' testimony as treating physicians." 267 F.R.D. 499, 503 (S.D. Tex. Jun. 5, 2008); *accord Perez*, 2020 WL 3074420, at *4 ("Although a treating physician typically need not provide a written report, where an expert's opinion extends beyond that of a treating physician an expert report may be required."). Information a physician learned in the natural course of treating a patient is not information derived while preparing for trial and thus need not be disclosed under Rule 26(a)(2)(B). *See id*; *Fielden* 482 F.3d at 872.

Dr. Misra explains that his opinions on how Plaintiff's injuries occurred are based upon comparison of medical records he saw when reviewing Plaintiffs medical history with his own findings. ECF No. 35-1 at 19:17–21:23. Plaintiff had been in an accident prior to this one in October 2018 and had obtained MRIs from that previous wreck. *Id.* at 19:17–21:23. Dr. Misra compared Plaintiff's previous MRIs with the ones that he took in order to examine the changes of Plaintiff's injuries and infer what caused them. *Id.* Thus Dr. Misra's comparison of the two MRIs, one before the wreck and one after the wreck, provide him with insight on the causation of Plaintiff's injuries. *Id.* at 19:12–21:23. As to Plaintiff's medical costs, Dr. Misra claims that his

6

opinions are based on his personal experiences in many years of doing spinal surgeries and charging patients himself. *Id*. at 52:23–54:6.

Importantly, there is nothing to indicate that Dr. Misra expressed opinions on facts that he would not have otherwise observed in his ordinary treatment of Plaintiff. As in *Fieldon* or *Kim*, Dr. Misra only relied upon materials that he obtained in the natural course of treating Plaintiff. *See Fielden* 482 F.3d at 872; *Kim* 267 F.R.D. at 503. Accordingly, Dr. Misra's opinions and testimony as a treating physician were adequately disclosed under Rule 26(a)(2)(C), and Rule 37 provides no basis for their exclusion. The question then becomes whether Dr. Misra's opinions satisfy the reliability requirement of Federal Rule of Evidence 702.

B. <u>Dr. Misra's opinions regarding causation and costs are reliable under Federal Rule of Evidence 702.</u>

Defendants argue in the alternative that Dr. Misra's opinions should be excluded as unreliable under Federal Rule of Evidence 702. ECF No. 35 ¶¶ 9, 14. Defendants claim that there is an "analytical gap" between the medical data collected by Dr. Misra's physical examination and tests and his opinion regarding causation of the injuries. *Id*. ¶¶ 5, 14–15.

The Court finds that Dr. Misra's anticipated testimony is sufficiently reliable to be presented to a jury. Dr. Misra's testimony is based on his specialized knowledge and experience as an orthopedic surgeon and his review of Plaintiff's medical history. ECF No. 35-1 at 5:20-7:16; 8:19–10:12. Dr. Misra relied upon the common methodologies of his field such as review of medical history, MRIs, and the Spurling's test to determine that Plaintiff's injuries were caused by the accident on January 29, 2019. ECF No. 35-1 at 9:11–19:8. Moreover, courts have held that a treating physician may rely upon their ordinary medical training to opine on the causation of an injury. *Kim*, 267 F.R.D. at 503; *Fielden*, 482 F.3d at 872 ("Here, there is no evidence in the record that Dr. Fischer applied anything other than his ordinary medical training when he concluded that

7

Fielden's working conditions caused Fielden's carpal tunnel syndrome injuries"). Accordingly, Dr. Misra's opinion as to the causation of Plaintiff's injuries will not be excluded under Federal Rule of Evidence 702.

Defendants further argue that Dr. Misra's opinions regarding the medical costs of Plaintiff's injuries are unreliable because Dr. Misra is "not a billing specialist, has never been a hospital administrator, and is not familiar with the recovery rates of hospitals, anesthesiologists, MRI facilities, or chiropractors," and "does not have familiarity of the recovery rates of particular providers." ECF No.¶ 14. Plaintiff responds that a treating physician need not be an expert in order to provide reliable and admissible opinions on reasonable charges when the physician is familiar with amounts usually charged for similar treatments. ECF No. 36 ¶ 10.

The Court agrees with Plaintiff. Dr. Misra has been performing spinal surgeries since 1996; his over twenty-four years of experience billing and reviewing the bills of his patients form the basis of the reliability of his testimony regarding Plaintiff's medical costs. Though it is true that Dr. Misra is not a billing specialist, he testified that his role as a treating physician allows him to regularly review and become familiar with reasonable charges regarding treatments for neck and spinal injuries. ECF No. 35-1, at 52:23–58:25. Dr. Misra's opinion is based on his "specialized knowledge" as a practicing spinal surgeon familiar with the type of injury Plaintiff sustained and the treatment such injuries regularly requires.

Furthermore, the Fifth Circuit has held that "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo*, 826 F.2d at 422. Thus, any argument that Plaintiff's future medical treatment will be less expensive than Dr. Misra anticipates goes to the weight of Dr. Misra's opinions, not their admissibility. Accordingly, the

Court holds that Dr. Misra's testimony regarding medical costs is reliable under Federal Rule of Evidence 702.

## CONCLUSION

For the reasons stated herein, the Court DENIES Defendant's Opposed Motion to Exclude the Testimony and Opinions, in part, of Plaintiff's Expert Witness, Sanjay Misra, M.D. (ECF No. 35).

It is so ORDERED.

**SIGNED** this 16th day of September, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE